UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREATER HOUSTON ALL-PRO AUTO INTERIORS, D/B/A ALL-PRO AUTO RECONDITIONING | § § § § | |
| VS. | § § | CIVIL ACTION NO.: 4:12-CV-03547 |
| DENT WIZARD INTERNATIONAL CORPORATION | § § § | |

**DEFENDANT DENT WIZARD CORPORATION'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

Michael S. Hays
State Bar No. 09304500
Southern District of Texas No. 2468
1233 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 654-1111
Facsimile: (713) 650-0027

**ATTORNEY-IN-CHARGE FOR
DEFENDANT DENT WIZARD
INTERNATIONAL CORPORATION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... iii-iv

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 1

    Parties ............................................................................................................................ 1

            *Plaintiff* ............................................................................................... 1-4

            *Defendant* ................................................................................................ 4

    The Independent Contractor Agreement ................................................................ 4-5

    Allegations of the Petition.......................................................................................... 6-7

    Procedural Posture ......................................................................................................... 7

ARGUMENT AND AUTHORITY................................................................................... 7-8

THERE EXISTS A VALID AND ENFORCEABLE WRITTEN AGREEMENT
BETWEEN PLAINTIFF AND DEFENDANT .............................................................. 9-11

THIS ACTION SHOULD BE DISMISSED BASED ON THE FORUM
SELECTION CLAUSE IN THE INDEPENDENT CONTRACTOR AGREEMENT ..........11

    A.     The Forum Selection Clause Clearly Provides that
           Missouri Courts Have Exclusive Jurisdiction ........................................................11

    B.     Dent Wizard's Forum Selection Clause is Mandatory ..................................... 11-13

    C.     Under the Applicable Standard, this Court Should Enforce the Forum
           Section Clause and Dismiss the Action...................................................................13

           1.     A Motion to Dismiss Based on a Forum Selection
                Clause is Determined Under the Supreme Court's *Bremen* Test .......... 13-14

           2.     Application of the *Bremen* Test Mandates that this Court Enforce
                the Forum Selection Clause ................................................................... 14-16

           3.     The Forum Selection Clause Applies to all of Plaintiff's Claims ......... 16-17

CONCLUSION ................................................................................................................17

01137.1 / 1526073.1

## TABLE OF AUTHORITIES

### CASES

*In re ADM Investor Servs.,* 304 S.W.3d 371 (Tex. 2010). ...........................................................8

*Alliance Health Group, LLC v. Bridging Health Options, LLC,*
    553 F.2d 397 (5th Cir. 2008) ..................................................................................................8

*In re Atl. Marine Constr. Co.,* No. 12-50826, 2012 WL 5835832
    (5th Cir. Nov. 19, 2012) ..........................................................................................................8

*Blueskygreenland Envtl. Solutions, LLC v. Rentar Envtl. Solutions, Inc.,*
    4:11-CV-01745, 2011 U.S. Dist. LEXIS 146061, 2011 WL 6372842,
    (S.D. Tex. Dec. 20, 2011), reconsideration denied, 4:11-CV-01745,
    2012 U.S. Dist. LEXIS 15728, 2012 WL 423399 (S.D. Tex. Feb. 8, 2012)......................7, 15

*Brastrepo Oil Servs. Co.v. Modec (USA), Inc.,* 240 Fed. Appx. 612 (5th Cir. 2007). ...................8

*Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972). ....................................................9, 13, 14-16

*Esser v. Fretwell,* 2011 U.S. Dist. LEXIS 124840 (S.D. Tex. Oct. 28, 2011)..............11,12,14,15

*Ginter v. rel. Ballard v. Belcher, Pendergast & Japorte,* 536 F.3d 439 (5th Cir. 2008). .............16

*Haynsworth v. The Corporation,* 121 F.3d 956 (5th Cir. 1997). ........................................8, 14, 16

*Hoffman v. Mahrouq Enters. Int'l (In re Hoffman),* 2012 Bankr. LEXIS 3498,
    78 U.C.C. Rep. Serv. 2d (CBC) 349 (Bankr. E.D. Tex. 2012) ). ..........................................10

*Industria Fotografica Interamericana v. M.V. Jalisco,* 903 F. Supp. 18 (S.D. Tex. 1995). .......13

*Interactive Music Tech., LLC. v. Roland Corp.,* No. 6:07-cv-282,
    2008 U.S. Dist. LEXIS 6266, 2008 WL 245142 (E.D. Tex. Jan. 29, 2008). .........................12

*International Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112 (5th Cir. 1996). .........8, 9, 12-14

*Kevlin Servs., Inc. v. Lexington State Bank,* 46 F.3d 13 (5th Cir. 1995). .....................................12

*Lin v. Offshore Spec. Fabricators, Inc.,* 404 F.3d 898 (5th Cir. 2005). .........................................8

*Marengo Films, Inc. v. Koch Int'l LLC,* No. 3:03-cv-0369-B,
    2003 U.S. Dist. LEXIS 24885 (N.D. Tex., June 16, 2003)............................................11, 14

*Marinechance Shipping, Ltd. v. Sebastian,* 143 F.3d 216 (5th Cir. 1998)...................................16

*MaxEn Capital, LLC v. Sutherland,* No. H-08-3590,

iii

2009 WL 936895 (S.D. Tex. April 3, 2009). ..................................................................16

*Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061 (5th Cir. 1998). ........16

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007). ...................................................16

*Pinnacle Interior Element, Ltd. v. Panalpina*, No. 3:09-cv-0430-G,
    2010 U.S. Dist. LEXIS 11067, 2010 WL 445927 (N.D. Tex. Feb. 9, 2010). .....................16

*Presley v. Wilson*, 125 S.W.2d 654 (Tex. Civ. App. — Dallas 1938, writ dism.). ...................10

*Rossco Holdings, Inc. v. Best Western Int'l, Inc.*, 2006 U.S. Dist. LEXIS 31646,
    2006 WL1007474 (S.D. Tex. 2006)..............................................................................9, 13

*Roy v. State*, 608 S.W.2d 645 (Tex. Cr. App. 1980). ..............................................................10

*TGIF Friday's Inc. v. Great Nw. Rests., Inc.*, 652 F. Supp. 2d 750 (N.D. Tex. 2009). ..............17

*Vartec Telecom, Inc. v. BCE, Inc.*, 2003 U.S. Dist. LEXIS 18072,
    (N. D. Tex. Oct. 9, 2003)..............................................................................................7, 13

*Webb v. Settoon Towing*, 2012 U.S. Dist. LEXIS 168987,
    (S.D. Tex. Nov. 28, 2012). ...............................................................................................8

*Whelan Security Company, Inc. v. Andrew Allen*, 26 S.W.3d 592,
    2000 Mo. App. LEXIS 1719 (Mo. Ct. App. 2000)..............................................................8

*William Noble Rare Jewels ex rel. William Noble, Inc. v. Christie's Inc.*,
    231 F.R.D. 488, 2005 U.S. Dist. LEXIS 24601  (N.D. Tex. 2005). .......................................7

## Statutes and Rules

28 U.S.C. § 1404(a). ..............................................................................................................8

28 U.S.C. § 1406(a). .........................................................................................................7, 13

Fed. R. Civ. P. 12(b)(3). ...............................................................................................1, 7, 8

Fed. R. Civ. P. 81(c). .............................................................................................................7

Tex. Bus. & Com. Code Ann § 2.709. ....................................................................................6

Tex. Bus. & Com. Code Ann § 71.201(a)................................................................................10

Tex. Civ. & Prac  & Rem. Code Ann § 38.001........................................................................6

iv

Defendant Dent Wizard International ("Dent Wizard") submits this Memorandum of Law in support of its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) and 29 U.S.C. § 1406(a), seeking an order dismissing Plaintiff's action based on improper venue.

## PRELIMINARY STATEMENT

This case does not belong in a Texas Court.  Plaintiff chose to do business with Dent Wizard to provide vehicle restoration services.  To that end, Plaintiff (through its registered assumed name "All-Pro Auto Interiors") entered into an Independent Contractor Agreement ("Agreement") clearly providing that both Dent Wizard and Plaintiff consented to exclusive jurisdiction "in the state courts of Missouri located in St. Louis County, Missouri" and to have all disputes arising under or related to the Agreement "decided in accordance with the laws of the State of Missouri".  This clause is mandatory and should be enforced as written.  Venue is improper in this Court and Plaintiff's action should be dismissed.

It is not unreasonable or unjust to enforce the forum selection clause as written.  Plaintiff is a sophisticated business entity that chose to do business with Dent Wizard, a Missouri based company, for services, under a contract clearly calling for a Missouri forum and Missouri law.  Enforcement of the mandatory forum selection clause in the Agreement through dismissal of this action serves the interests of justice and gives effect to the express expectations of both Plaintiff and Dent Wizard.

## STATEMENT OF FACTS

**Parties**

### *Plaintiff*

Plaintiff Greater Houston All-Pro Auto Interiors, LLC d/b/a All-Pro Auto Reconditioning alleges that is a corporation organized and existing under the laws of Texas. (Plaintiff's Original

1

Petition "("Petition") at App. 18, ¶ 2.)[1] Plaintiff alleges that during the months of June 2011 through May 2012, "All-Pro" sold and delivered various goods and services to Defendant "on an open account". (Petition at App. 19, ¶ 5.)  Plaintiff attached to its Petition a document titled "All-Pro Auto Reconditioning A/R Aging Summary" (Petition Exhibit, App. 25-162.)[2] However, Plaintiff did not attach a copy of the Agreement entered into between Dent Wizard and "All-Pro Auto Interiors". As shown below, the Agreement entered into between Dent Wizard and "All-Pro Auto Interiors" contains the forum selection clause.  It is signed by Plaintiff's owner and registered agent Kyle Anderson, and it provides the terms of service and payment between Plaintiff and Dent Wizard.

Plaintiff conducted business with Dent Wizard through its assumed name "All-Pro Auto Interiors". Because Dent Wizard anticipates that Plaintiff may take the position in response to this Motion to Dismiss, that there exists no written contract between Plaintiff and Dent Wizard, it is necessary to review the manner by which "Greater Houston All-Pro Auto Interiors, LLC" was formed and conducts business in general and specifically with Dent Wizard. As shown below, Plaintiff uses the d/b/a "All-Pro Auto Interiors" and the entity "Greater Houston All-Pro Auto Interiors, LLC" *as well as the name* "All-Pro Auto Reconditioning", interchangeably in the course of its business, not only with Dent Wizard but with the public at large.  Specifically, the State Comptroller's Office shows that Plaintiff "Greater Houston All-Pro Auto Interiors, LLC" registered itself as a limited liability corporation ("LLC") with the Texas Secretary of State on September 3, 2008. (Franchise Tax Certification of Account Status ("Tax Certification") at App.

---

[1]   Factual citations contained herein are to Defendant Dent Wizard's Appendix in support of its Motion to Dismiss (the "Appendix"), filed simultaneously herewith.  For the Court's convenience, citations to pages of the Appendix will be in the following format:  "Document in App. ___."

[2]   All Pro Reconditioning is one of Plaintiff's assumed names. (Assumed Name Printout from the Harris County, Texas County Clerk's Office ("HCC Assumed Name Printout") at App. 4-5).

2

1.)   (This Tax Certification is Exhibit "A" to the Appendix.)  "Greater Houston All-Pro Auto Interiors, L.L.C." then filed with the Texas Secretary of State an Assumed Name Certificate on October 3, 2008, stating that "the assumed name under which the business or professional service [of 'Greater Houston All-Pro Auto Interiors, L.L.C.'] is, or is to be, conducted or rendered is: All-Pro Auto Interiors". (Secretary of State Assumed Name Certificate ("SOS Assumed Name Certificate") at App. 2-3.) (This Assumed Name Certificate is Exhibit "B" to the Appendix.)   Furthermore, the Harris County, Texas County Clerk's office and All-Pro Auto Interiors' own website (located at: http://allproautointeriors.com/history.html) show that Greater Houston All-Pro Auto Interiors, LLC. does business and advertises to the public as *both* "All-Pro Auto Interiors" and "All-Pro Auto Reconditioning" (HCC Assumed Name Printout at App. 4-5.); (Plaintiff's Web-site Data Printout ("Website Data") at App. 6.)[3] Kyle Anderson is the owner and registered agent for Greater Houston All-Pro Auto Interiors, LLC (and consequently for the d/b/a for  Greater Houston All-Pro Auto Interiors, LLC – "All-Pro Auto Interiors").   (SOS Assumed Name Certificate at App. 2.); (Website Data at App. 6.)

        Further evidence that "Greater Houston All-Pro Auto Interiors, LCC", the name of the Plaintiff in this action and "All-Pro Auto Interiors", the name on the Agreement containing the forum selection clause, are one and the same, exists in the W-9 Internal Revenue Service Form which Plaintiff provided to Dent Wizard in 2009. (Dent Wizard has attached this form to the Appendix, as Exhibit "E".)  On the first line of the form W-9, (dated February 23, 2009), the entity doing business with Dent Wizard was identified, by "Name (as shown on your income tax return" as:"Greater Houston All-Pro Auto Interiors, L.L.C."  On the second line of the 2009 W-

---

[3]  Found, and underlined where relevant, under the tab "History" at the following url: http://allproautointeriors.com/history.html.

3

9, the entity doing business with Dent Wizard was identified by its "business name" as: "All-Pro Auto Interiors" – the name of the party to the relevant Agreement in this case (see below). (2009 W-9 ("W-9") at App. 7.)[4]   As shown above, "All Pro Auto Interiors" is the registered assumed name for "Greater Houston All-Pro Auto Interiors, L.L.C.", the Plaintiff in this lawsuit.   In reliance on the representations made on the 2009 W-9,  Dent Wizard in turn paid Plaintiff during the years 2008 through 2011, and issued 1099 IRS forms for the years 2008 through 2011, to Plaintiff in **both** its "LLC name" - *Greater Houston All-Pro Auto Interiors, LLC-* **and** its assumed name - *All-Pro Auto Interiors*.[5]    Each form 1099 shows the "Recipient" of the "nonemployee compensation paid", as follows: "Greater Houston All-Pro Auto Interiors/All-Pro Auto Interiors".  (1099 Forms at App.  8-10.)[6]

### Defendant

Defendant Dent Wizard is a business incorporated under the laws of the State of Delaware with its principal place of business at 4710 Earth City Expressway, Bridgeton, Missouri  63044.  Dent Wizard entered into an Independent Contractor Agreement with All-Pro Auto Interiors which governs Plaintiff's dispute in this suit.[7]

**The Independent Contractor Agreement**

On September 18, 2008, "Auto Pro Interiors" and Dent Wizard entered into an Independent Contractor Agreement ("Agreement") pursuant to which Dent Wizard engaged All-

---

[4]   Social security numbers (or what Dent Wizard believes may be social security numbers) have been redacted.

[5]   The 1099s for the years 2008, 2009 and 2011 are attached as Exhibit "F" to the Appendix.  Social security numbers (or what Dent Wizard believes may be social security numbers) have been redacted

[6]   The 1099s reflect payment from Dent Wizard to "Greater Houston All-Pro Auto Interiors/All-Pro Auto Interiors" for 2008 as $108, 843.75; for 2009 as $641,344.15; and for 2011 as $1,907,186.40.

[7]   As fully explained above, All Pro Auto Interiors is a d/b/a/ of Plaintiff "Greater Houston All-Pro Auto Interiors" and its registered assumed name. (SOS Assumed Name Certificate at App. 1.); (HCC Assumed Name Printout) at App. 4-5.)

4

Pro Auto Interiors as an independent contractor to provide certain auto reconditioning services in the Houston area. The Agreement provided terms of payment and services to be performed by Plaintiff and stated that the term of contract would be indefinite and extend until the contract was terminated by either party at any time. The Agreement is signed by Kyle Anderson. (Agreement at App. 11-16); *see also* Petition at App. 20, ¶ 14. That Agreement has never been terminated. By its terms, the Agreement renews from year to year and remains in effect. (Agreement at App. 13, ¶ 6.)[8]

The Agreement defined the business relationship between Plaintiff and Dent Wizard and controls choice of law and venue for disputes like the one at issue in this case. The Agreement contained a clear and mandatory forum selection clause. Paragraph 9 of the Agreement provides as follows:

> **9.**    **Choice of Law.**
>
> This Agreement shall be subject to, governed by and construed in accordance with the substantive laws of the State of Missouri, without regard to the conflict of laws principles of such State. Any and all disputes arising under this Agreement or related to this Agreement shall be decided in accordance with the laws of the State of Missouri, in the state courts of Missouri located in St. Louis, Missouri. Contractor ["All-Pro Auto Interiors"] specifically consents to the jurisdiction and venue of the Circuit Courts of St. Louis County, Missouri, to resolve any and all disputes under this Agreement, and warrants, covenants and represents that this would not be an inconvenient forum to resolve any and all disputes arising under this Agreement or related to this Agreement.

---

[8]   Dent Wizard also entered into an Independent Contractor Agreement on September 18, 2008 with All-Pro Auto Interiors of North Texas ("North Texas Agreement") (to cover business in the Dallas area); an agreement with the same entity on October 15, 2009; and two Amendments thereto, (hereafter "Amendments"). Despite referencing the North Dallas Agreement, the Amendments covered some customers located in Houston. And, on information and belief, Defendant asserts that some of the receivables involving work performed in Houston, upon which Plaintiff is suing, are referenced in these Amendments. In the course of its business relationship with Dent Wizard, therefore, Plaintiff not only used its corporate name and assumed name interchangeably, its corporate names interchangeably. Most importantly, *each Independent Contractor Agreement* entered into by a business owned by Kyle Anderson contained the same mandatory forum selection clause.

**Allegations of the Petition**

Plaintiff calls itself "All-Pro'" in its Original Petition and alleges that it sold and delivered various goods and services Dent Wizard.  All-Pro alleges that Dent Wizard promised and became bound and liable to pay the total amount of $273,913.65 and that Dent Wizard failed to pay such amount.  (Petition at App. 19, ¶ 9.) All-Pro sues on an alleged sworn account, claiming that it sold and delivered services in the regular course of business and that prices charged were "in accordance with the agreement" between All-Pro and Dent Wizard.  All-Pro claims that prices "were reasonable and customary charges for such services" and that Dent Wizard is liable "on the Account for $273,913.65, plus pre and post-judgment interest." (Petition at App. 20, ¶¶ 11.-13.)  All-Pro also sues for breach of contract, alleging that it "performed its part of the agreement" and that Dent Wizard failed to pay the amount of $273,913.65. (Petition at App. 20, ¶ 14.)  All-Pro then alleges that Dent Wizard is liable to All-Pro for the price of the goods and services provided on an "action for the price", under TEX. BUS. & COM. CODE ANN. § 2.709. (Petition at App. 20, ¶ 15.)  All-Pro finally sues under the theory of quantum meruit and seeks recovery of attorneys' fees under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001. (Petition at App. 21, ¶¶ 16., 18.)[9]

Despite Plaintiff's express agreement that any dispute "arising under" or "related to" the Agreement was subject to the exclusive jurisdiction of the state courts of Missouri located in St. Louis Missouri, Plaintiff filed the present Petition in Texas state court.  (Petition at App.18-24.) Plaintiff expressly consented to exclusive jurisdiction and venue of the Circuit Courts of St.

---

[9]  The present motion to dismiss is based on the clear forum selection clause agreed to by Dent Wizard and Plaintiff.  However, in addition to the fact that Plaintiff brought this suit in the wrong place, Plaintiff's suit has no substantive merit.

Louis County, Missouri and to the application of Missouri law within such jurisdiction. Furthermore, Plaintiff warranted, covenanted and represented that the state courts of Missouri would *not* be an inconvenient forum to resolve any and all disputes arising under the Agreement *or related to* the Agreement.  (Agreement at App. 14.)

**Procedural Posture**

Plaintiff filed the Petition, bearing Cause No. 2012 -65295, in the District Court of Harris County, Texas, 129th Judicial District Court on November 1, 2012. (Petition at App. 18-24.) The Petition was served on Dent Wizard on November 14, 2012.  (Citation, stamped "Delivered" on November 14, 2012 ("Citation") at App. 17.) Dent Wizard timely removed Plaintiff's Petition to this court on the basis of diversity on December 6, 2012.  Dent Wizard's current motion to dismiss is timely under Federal Rule of Civil Procedure 81(c).

## ARGUMENT AND AUTHORITY

Dent Wizard is moving, under Rule 12(b)(3) and 28 U.S.C. § 1406(a), for dismissal of Plaintiff's lawsuit based on the mandatory forum selection clause contained in the Agreement. *See, e.g. William Noble Rare Jewels ex rel. William Noble, Inc. v. Christie's Inc.*, 231 F.R.D. 488, 2005 U.S. Dist. LEXIS 24601  (N.D. Tex. 2005)(granting motion to dismiss under Rule 12(b)(3) and 29 U.S.C. § 1406(a), based on a contractual forum selection clause); *Vartec Telecom, Inc. v. BCE, Inc.,* 2003 U.S. Dist. LEXIS 18072, at *4-5 (N. D. Tex. Oct. 9, 2003)(stating dismissal for improper venue based on a forum selection clause is proper under 12(b)(3)); *see also Blueskygreenland Envtl. Solutions, LLC v. Rentar Envtl. Solutions, Inc.*, 4:11-CV-01745, 2011 U.S. Dist. LEXIS 146061, 2011 WL 6372842, at *4 (S.D. Tex. Dec. 20, 2011), reconsideration denied, 4:11-CV-01745, 2012 U.S. Dist. LEXIS 15728, 2012 WL 423399 (S.D.

Tex. Feb. 8, 2012)(dismissing suit based on motion seeking dismissal of all claims because of improper forum, and concluding that the plaintiff had not demonstrated that the forum selection clause, similar to the one at issue in All-Pro's case, was unreasonable); *Lin v. Offshore Spec. Fabricators, Inc.,* 404 F.3d 898, 902 (5th Cir. 2005)(Rule 12(b)(3) is an appropriate vehicle for a motion to dismiss based on a forum selection clause).[10]

The Fifth Circuit has recently confirmed, and this District has even more recently recognized, that the type of forum designated in the forum selection clause provides the answer to whether an attempt to enforce the forum selection clause should be analyzed in the dismissal context under 12(b)(3) (as opposed to the transfer context under 28 U.S.C. § 1404(a)). *See Webb v. Settoon Towing,* 2012 U.S. Dist. LEXIS 168987, at *5 (S.D. Tex. Nov. 28, 2012)(citing *In re Atl. Marine Constr. Co.*, No. 12-50826, 2012 WL 5835832, at *2-3 (5th Cir. Nov. 19, 2012)). Thus, when a forum selection clause designates *a state court forum,* an arbitral forum, or a forum in a foreign country, the proper remedy is dismissal. *Id.; see International Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 113-15 (5th Cir. 1996) (state court forum). The clause in the

---

[10]   Federal law governs the enforceability of a forum selection clause. *Haynsworth v. The Corp.,* 121 F.3d 956, 961-62 (5th Cir. 1997); *Alliance Health Group, LLC v. Bridging Health Options, LLC,* 553 F.2d 397, 399 (5th Cir. 2008)("Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases" (quoting *Brastrepo Oil Servs. Co.v. Modec (USA), Inc.,* 240 Fed. Appx. 612, 615 (5th Cir. 2007)). In any event, both Texas law and Missouri law (the law that Plaintiff and Dent Wizard explicitly agreed, in Paragraph 9. of the Agreement, would apply to any dispute "arising under" or "related to" the Agreement) presumptively enforce mandatory forum selection clauses like the one at issue here. *See In re ADM Investor Servs.,* 304 S.W.3d 371 (Tex. 2010)( "A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement of the clause can clearly show that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. The burden of proof is heavy for the party challenging enforcement."); *Whelan Security Company, Inc. v. Andrew Allen,* 26 S.W.3d 592, 2000 Mo. App. LEXIS 1719 (Mo. Ct. App. 2000)("to be enforceable, the clause must have been obtained through freely negotiated agreements absent fraud and overreaching and its enforcement must not be unreasonable and unjust.").

8

Agreement between Plaintiff and Dent Wizard provides a state forum in the state of Missouri; therefore dismissal, rather than transfer, is the proper remedy.

In a diversity case, a motion to dismiss on a valid forum selection clause, like Dent Wizard's present motion, is examined under the Supreme Court's test set forth in *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972). *International Software,* 77 F.3d at 114-115; *see also Rossco Holdings, Inc. v. Best Western Int'l, Inc.,* 2006 U.S. Dist. LEXIS 31646, 2006 WL 1007474 (S.D. Tex. 2006) ("It is well-settled law in the Fifth Circuit that a forum selection clause requiring exclusive venue in a state court triggers application of the *Bremen* test to determine if an action should be dismissed" (citing *International Software,* 77 F.3d at 114-115)). Under the *Bremen* analysis, a forum selection clause will be considered *prima facie* a valid and enforced unless enforcement is shown to be unreasonable under the circumstances. *Bremen,* 407 U.S. at 10. Here, Plaintiff cannot show that the forum selection clause is unreasonable, and, therefore, this Court should enforce the clause as written and dismiss this case for improper venue.

## THERE EXISTS A VALID AND ENFORCEABLE WRITTEN AGREEMENT BETWEEN PLAINTIFF AND DEFENDANT

Plaintiff, using its registered assumed name, entered into the Independent Contractor Agreement with Defendant in 2008. That Agreement is in full force and effect and has never been terminated. By its terms, it renews yearly and remains in effect. The Agreement contains a valid, mandatory and enforceable forum selection clause under which this case must be dismissed.

As noted above, Dent Wizard anticipates that Plaintiff may take the position in response to this Motion to Dismiss, that there exists no written contract between Plaintiff and Defendant

9

that covers the business relationship over which Plaintiff is suing. This position would be disingenuous. Under the facts above and the law, a contract entered into under an entity's assumed name is valid and enforceable as against the entity. *See Hoffman v. Mahrouq Enters. Int'l (In re Hoffman)*, 2012 Bankr. LEXIS 3498, 78 U.C.C. Rep. Serv. 2d (CBC) 349 (Bankr. E.D. Tex. 2012). In *Hoffman*, the court addressed a defendant's use of an assumed name in the retail installment contract. Quoting the case *Presley v. Wilson*, 125 S.W.2d 654, 656 (Tex. Civ. App. — Dallas 1938, writ dism.), the *Hoffman* court found wrote, "a contract or obligation may be entered into by a person by any name he may choose to assume. All that the law looks to is the identity of the individual, and, when that is ascertained and clearly established, the act will be binding on him and on others." 2012 Bankr. LEXIS 3498, at *10. Citing to the two cases *McCarley v. Welch*, 170 S.W.2d 330, 332 (Tex. Civ. App. 1943, no writ) and Roy v. State, 608 S.W.2d 645, 651 (Tex. Cr. App. 1980), the *Hoffman* court then wrote, "[t]he purpose of the Assumed Name Act is to allow the public to know who is operating a business under an assumed name." *Id.* Further, "[f]ailure to file an assumed name certificate as required by the Act does not affect the validity or enforceability of contracts entered into by a person doing business under an assumed name." *Id.* (citing Tex. Bus. & Com. Code § 71.201(a)). The *Hoffman* court, therefore, concluded that the defendant's use of an assumed name in the retail installment contract did not affect the attachment of its security interest under Texas law.

In *Hoffman*, the court enforced a contract security interest even when the assumed name had not been properly registered. Here, the name of the contracting party - "All Pro Auto Interiors" -- *was* registered with the State of Texas, as the assumed name of Plaintiff Greater Houston All-Pro Auto Interiors, LLC. (SOS Assumed Name Certificate at App. 2-3.) Therefore,

10

01137.1 / 1526073.1

it is irrefutable that the Agreement entered into by All-Pro Auto Interiors, the registered assumed name of Greater Houston All-Pro Auto Interiors, LLC is a valid and enforceable contract between Plaintiff and Defendant.  Furthermore, Greater Houston All-Pro Auto Interiors, LLC operated and accepted the benefits under the Agreement and cannot now seek to avoid the effects of the enforceable and mandatory forum selection clause contained therein.

## THIS ACTON SHOULD BE DISMISSED BASED ON THE FORUM SELECTION CLAUSE IN THE INDEPENDENT CONTRACTOR AGREEMENT

### A.    The Forum Selection Clause Clearly Provides that Missouri Courts Have Exclusive Jurisdiction

Where a forum selection clause includes language that clearly limits actions thereunder to the courts of a specified state, the forum selection clause is mandatory.  *See, e.g. Marengo Films, Inc. v. Koch Int'l LLC,* No. 3:03 –cv-0369-B, 2003 U.S. Dist. LEXIS 24885, at *14 (N.D. Tex., June 16, 2003); *Esser v. Fretwell*, 2011 U.S. Dist. LEXIS 124840 (S.D. Tex. Oct. 28, 2011).

The forum selection clause in Paragraph 9 of the Agreement clearly limits actions arising thereunder and relating thereto to the state courts of Missouri located in St. Louis, Missouri. Paragraph 9 states that "[a]ny and all disputes arising under this Agreement or related to this Agreement shall be decided in accordance with the laws of the State of Missouri, in the state courts of Missouri located in St. Louis, Missouri".  (Agreement at App. 14, ¶ 9.)  The provision makes clear that any litigation under or related to the Agreement is limited only to specific courts in Missouri.

### B.    DENT WIZARD'S FORUM SELECTION CLAUSE IS MANDATORY

In the Fifth Circuit, where a forum selection clause specifies venue and uses obligatory language such as the term "shall," as the clause in the Agreement does here, courts have

11

overwhelmingly found the clause to be mandatory. *Esser v. Fretwell*, 2011 U.S. Dist. LEXIS 124840; *Interactive Music Tech., LLC. v. Roland Corp.*, No. 6:07-cv-282, 2008 U.S. Dist. LEXIS 6266, 2008 WL 245142, at *4 (E.D. Tex. Jan. 29, 2008); *see also Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 14-15 (5th Cir. 1995)(finding that the contract contained "no ambiguity" as to the choice of forum where it stated that "[t]he legal venue of this contract and any disputes arising from it shall be settled in Dallas, County, Texas". The lawsuit in *International Software.*, 77 F.3d 112, was removed to federal court based on diversity jurisdiction. Amplicon then filed a motion to dismiss on the case on grounds of improper venue, relying on a forum selection clause which stated that "the lessee agrees that all litigation arising out of this lease or any breach thereof *shall be filed and conducted* in the California Superior Court for the County of Orange, unless the Lessor or its assignee selects an alternative venue of litigation." *Id.*, at *113-114 (emphasis added).   The district court dismissed the case and noted that the claims arose out of the written contract; the forum selection clause was "reasonable and unfortunately necessary in a commercial world where litigation is the norm". *Id.*, at *114. The Fifth Circuit affirmed stating, "here was still a meeting of the minds that ISSI should have to sue in California." *Id.,* at *116.[11]

Plaintiff agreed without reservation to exclusively litigate all disputes arising out of the Agreement it entered into with Dent Wizard for auto restoration services and payment therefore in Missouri state courts.  Plaintiff "specifically" consented to the "jurisdiction and venue of the

---

[11]  *See also In re ADM Investor Servs.* 304 S.W.3d 371.  The Texas Supreme Court examined a clause similar to that found in the Agreement between Plaintiff and Dent Wizard that stated that "all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to, or from this Agreement or any transaction covered hereby shall be governed by the law of Illinois and may, at the discretion and election of [ADM], be litigated in courts whose situs in [sic] Illinois." *Id.*, at 373.  The Court found that the trial court abused its discretion by denying a motion to dismiss premised on the forum-selection clause.

12

Circuit courts of St. Louis County, Missouri" and *warranted, covenanted and represented* "that this [the Circuit courts of St. Louis County, Missouri] *would not be an inconvenient forum* to resolve any and all disputes arising under this Agreement or related to this Agreement." (Agreement, App. 14, ¶ 9.)(emphasis added).  Thus, the forum selection clause is mandatory and enforceable.

### C. Under the Applicable Standard, this Court Should Enforce the Forum Selection Clause as Written and Dismiss the Action.

#### 1. A Motion to Dismiss Based on a Forum Selection Clause is Determined Under the Supreme Court's *Bremen* Test.

Under the appropriate standard, this Court should enforce the parties' agreed-to mandatory forum selection clause and dismiss this action.[12]  A motion to dismiss based on a forum selection clause is decided under the test set forth in *Bremen v. Zapata Off-Shore co.,* 407 U.S. 1 (1972).  *International Software,* 77 F.3d at 113 (applying *Bremen* analysis and affirming dismissal for improper venue in removed case based on enforceable forum selection clause); *Vartec,* 2003 U.S. Dist. LEXIS 18072, at *16-18 (rejecting argument that balancing test rather than *Bremen* applied to motions to dismiss based on forum selection clauses); *see also Rossco Holdings, Inc. v. Best Western Int'l, Inc.,* 2006 U.S. Dist. LEXIS 31646, at *5 (Judge Lake found that [i]t is well-settled law in the Fifth Circuit that a forum selection clause requiring exclusive venue in a state court triggers application of the *Bremen* test to determine if an action should be dismissed.").  This Court recognized the application of the *Bremen* test in *Industria Fotografica Interamericana v. M.V. Jalisco,* 903 F. Supp. 18, 20 (S.D. Tex. 1995).  At issue was a

---

[12]   Dismissal of a suit is appropriate under 28 U.S.C. § 1406(a) where venue is improper because of a valid forum selection clause.  *International Software*, 77 F.3d at 115 (finding that where the contract contains a valid forum selection clause, dismissal is appropriate if the case is filed in the wrong court).

prorogation clause in a bill of lading that expressly stated that, at the carrier's option, a district court in Mexico City or Rio de Janeiro would have exclusive jurisdiction of disputes arising under a carriage contract. Citing *Bremen*, this Court dismissed the case, finding that "[p]rorogation clauses are valid, and like other choices of the parties, they should be enforced unless the opposing party shows that enforcement is unreasonable under the circumstances." *Id.*, at *20.

### 2. Application of the *Bremen* Test Mandates that this court Enforce Forum Selection Clause

Under *Bremen*, forum selection clauses must be considered *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *Bremen*, 407 U.S. at 10; *International Software*, 77 F.3d at 114 (quoting *Bremen*); *see also Esser*, 2011 U.S. Dist. LEXIS 124840, at *13.

Further, the party resisting enforcement bears a "heavy burden of proof." *Esser*, 2011 U.S. Dist. LEXIS 124840, at *13. In other words, a "party seeking to avoid a forum selection clause must establish unreasonableness." *Marengo*, 2003 U.S. Dist. LEXIS 24885, at *15.

The Fifth Circuit has noted:

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citations omitted). Here, Plaintiff cannot meet its "heavy burden" of establishing "unreasonableness" and therefore this

14

Court should dismiss Plaintiff's suit under *Bremen*. *See, e.g. Esser*, 2011 U.S. Dist. LEXIS 124840, at *13; *Blueskygreenland*, 2011 U.S. Dist. LEXIS 146061, at *9.

First, there is no evidence or overreaching in the incorporation of the forum selection clause in the Agreement.   Indeed, Plaintiff has operated under the same contract since it's execution in September, 2008 and its principal Kyle Anderson, on behalf of his business,  has entered into at least two other contracts with Dent Wizard, containing the exact same forum selection clause.   There is no evidence that the Agreement signed by Kyle Anderson, behalf of Plaintiff, was obtained through fraud or overreaching. In fact, Kyle Anderson initialed each page of the contract, including the page on which the forum selection clause appears.  (Agreement at App. 14.)  Additionally, there can be no overreaching because the party to the Agreement, Dent Wizard, is headquartered in St. Louis County, Missouri – a fact which was evident in the Agreement and is well known to Plaintiff.

Second, Missouri will provide no grave inconvenience or unfairness for the simple reason that Plaintiff *expressly consented to* the exclusive jurisdiction of the Missouri state courts when it agreed that it "warrants, covenants and represents that this would not be an inconvenient forum to resolve any and all disputes arising under this Agreement or related to the Agreement." (Agreement at App. 14.)   Plaintiff understood it was contracting and doing business with a Missouri-based corporation and received payments, evidenced by the 1009s *from Missouri*. (1099 Forms at App.  8-10.) Plaintiff cannot show unfairness in the law to be applied in Missouri because it expressly agreed to be bound by the law of Missouri. Finally, Plaintiff cannot establish the contravention of any Texas Public policy in the enforcement by this Court of the parties' own written Agreement.   Therefore no factors which "potentially" give rise to "unreasonableness"

15

under *Bremen,* as interpreted by the Fifth Circuit, exist here.  *See Haynsworth*, 121 F.3d at 963.

Plaintiff simply cannot meet its "heavy burden of proof" to show that the forum selection clause

is unenforceable.  *Ginter v. rel. Ballard v. Belcher, Pendergast & Japorte,* 536 F.3d 439, 441 (5th

Cir. 2008).  Accordingly, the clause should be enforced and this case should be dismissed.

### 3.   The Forum Selection Clause Applies to all of Plaintiff's Claims

Furthermore, the clause as written clearly applies to all of Plaintiff's claims.   The

"[s]cope of a forum selection clause is not limited solely to claims for breach of the contract that

contains it."  *MaxEn Capital, LLC v. Sutherland,* No. H-08-3590, 2009 WL 936895, at *6 (S.D.

Tex. April 3, 2009).   This Court should "look to the language of the parties' contracts to

determine which causes of action are governed by the forum selection clauses.  *Marinechance*

*Shipping, Ltd. v. Sebastian,* 143 F.3d 216, 222 (5th Cir. 1998).   The language of the forum-

selection clause is particularly important," as "[c]lauses that extend to all disputes that 'relate to'

or 'are connected with' the contract are construed broadly."  *Pinnacle Interior Element, Ltd. v.*

*Panalpina*, No. 3:09-cv-0430-G, 2010 U.S. Dist. LEXIS 11067, 2010 WL 445927, at *5 (N.D.

Tex. Feb. 9, 2010).  Courts interpreting language similar to the language contained in the forum

selection clause in the Agreement between Plaintiff and Dent Wizard - which includes that "any

and all disputes arising under this Agreement or related to this Agreement shall be decided with

the laws of the State of Missouri, in the state courts of Missouri located in St. Louis, Missouri --

conclude such clauses are broad and encompass all claims that have some possible relationship

with the agreement, including those claims that may only "relate to" the agreement. *See Phillips*

*v. Audio Active Ltd.*, 494 F.3d 378, 389 (2d Cir. 2007); *see also Pennzoil Exploration & Prod.*

*Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067-68 (5th Cir. 1998) (in context of arbitration

clauses, explaining that "in relation to" or "in connection with" language is broad and dispute need only "touch" matters covered by the contract); *TGIF Friday's Inc. v. Great Nw. Rests., Inc.*, 652 F. Supp. 2d 750, 759 (N.D. Tex. 2009) ("Forum selection clauses covering claims 'relating to' an agreement are broad in scope."). The Agreement's forum selection clause therefore applies to all of Plaintiff's claims because they *all* arise under the Agreement or are related to the Agreement.  The Agreement establishes the business relationship between the parties, including services to be performed and payments to be made.  (Agreement at App. 11-15.) Therefore, all claims should be dismissed.

Plaintiff voluntarily agreed to a mandatory forum selection and conflict of laws clause. Under the applicable law this clause is valid and should be presumptively enforced.  The facts indicate that Plaintiff cannot overcome its "heavy burden" of overcoming this presumption. Thus, this Court should dismiss this action – it was brought in the wrong venue.

## CONCLUSION

For all the reasons stated above, this Court should dismiss the Plaintiff's action, with costs.

17

01137.1 / 1526073.1

Respectfully submitted,

**HAYS, McCONN, RICE & PICKERING**


By:   /s/Michael S. Hays
          Michael S. Hays
          State Bar No. 09304500
          Southern District of Texas No. 2468
          1233 West Loop South, Suite 1000
          Houston, Texas 77027
          Telephone: (713) 654-1111
          Facsimile: (713) 650-0027

**ATTORNEY-IN-CHARGE FOR
DEFENDANT DENT WIZARD
INTERNATIONAL CORPORATION**

OF COUNSEL
Hays, McConn, Rice & Pickering
Diana J. Shelby
State Bar No. 18189300
Southern District of Texas No. 6775

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly sent via facsimile and via CM/ECF, if the CM/ECF system allows, to the following counsel of record on this the 13th of December, 2012, as follows

**Via CM/ECF and/or Via Facsimile**

*Via Facsimile 713-647-7511*
Jess W. Mason
Robert D. O'Conor
Cotham, Harwell & O'Conor
1616 S. Voss, Suite 200
Houston, Texas 77057


          /s/Michael S. Hays
          MICHAEL S. HAYS

18

01137.1 / 1526073.1